DUCKER, JUDGE:
Roy Vandergrift, Claimant in case No. D-354A, and his subrogee, Stonewall Casualty Company, a corporation, Claimant in case No. D-354B, which cases are based on the same accident, were by agreement of all parties heard together, Claim No. 354A being for $4,178.45 and No. 354B being for $1,909.00 damages which Stonewall Casualty Company paid on account of its payment of insurance on the truck involved in the accident.
Vandergrift’s employee was on January 5, 1970, driving a tractor-trailer truck owned by Claimant at about eleven o’clock in the morning on Interstate Route 77 going toward Parkers-burg, West Virginia, when his truck struck a large boulder in the road with resultant damage in the amount claimed.
The driver testified that he had come to the top of the hill at Etna and “had dropped over the hill where this slip was, ■and there was only one-lane road”; that a State Road truck had pulled out on the road behind him and he looked through his mirror to see where the State Road truck was and as he turned around he hit a dip in the road and there was a rock in the one-lane travel portion of the road; that he tried to *249 miss the rock which he thought he had missed but hadn’t. He described the rock as 18 inches high and 18 inches long, but from the photographs introduced in evidence the rock would seem to have been much larger.
Road work was being done at the place of the accident and the right lane was blocked off with barricades and the rock was in the middle of the left lane adjacent to the median. The speed of the truck was estimated at forty miles an hour although witness had previously stated fifty miles an hour which statement he later said he desired to correct.
Claimants base their claims on the contention that the rock had fallen from a Department of Highway’s truck which had been hauling rocks from that vicinity. No one testified as to either seeing the rock fall or that it was in the road at any time prior to the time of the accident. As the State was doing work to correct a slip in the road at that place and time, we can only assume that the rock must have fallen from a truck or somehow left there in the work. A decision in this case does not depend upon the establishment of such fact.
The driver further said that the sun was shining and when he went into the “dip,” there the rock was, and it was of the same color as the road, and consequently he did not see the rock until right on it and he tried not to hit it. The road signs showed there was a “dip” in the road.
From the evidence it appears that the driver had full warning of the work on the road and of the dip in the road, and should have known that driving at a speed of between forty and fifty miles under such conditions was unsafe for that part of road, and that he should have seen such a large rock in the single lane of travel, and that his failure to see and avoid the rock was conduct not of a reasonably careful driver. The proximate cause of the accident, in our opinion, was the negligence of the driver of Claimant’s tractor-trailer truck which sufficiently contributed to the cause as to bar any recovery for the damages sustained.
We deny both claims and make no award herein.
Claims disallowed.